**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH DIGNEO,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO.: 07-2372** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this ____ day of ____________, 2008, upon consideration of Defendants' Motion for Bifurcation of Trial and Brief in Support, it is hereby **ORDERED** that this Motion is granted. Trial of this matter shall be bifurcated with the initial phase limited to the subject incident and the alleged liability of the individual Defendant, Police Officer Gress:

Phase I: Whether the individual Defendant committed any or all of the torts and/or constitutional violations alleged?

(if necessary)

Phase II: Whether the City of Philadelphia had a custom, practice or policy of failing to train, supervise or discipline police officers for the use of excessive force, which was the moving force behind the alleged use of excessive force against Plaintiff Digneo?

_________________________________

**RUFE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH DIGNEO, Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al., Defendants.** | : | **NO.: 07-2372** |

**DEFENDANTS' MOTION FOR BIFURCATION OF TRIAL**

AND NOW, come Defendants, Police Officer William Gress and the City of Philadelphia, by their respective undersigned counsel, and pursuant to Fed.R.Civ.P. 42(b), file the within Motion for Bifurcation of Trial:

1. Plaintiff, Ralph Digneo (hereinafter, "Plaintiff") alleges that the individual Defendant, William Gress, committed numerous torts and constitutional violations.

2. As it stands, Plaintiff has outstanding the following claims against Defendant Gress: constitutional claims brought under Sections 1983 and state law claims for false arrest, abuse of process, assault and battery, intentional infliction of emotional distress, invasion of privacy, defamation, tortuous interference with Constitutional rights, negligence and gross negligence.

3. As to the City, Plaintiff contends that the City of Philadelphia is liable under 42 U.S.C. § 1983 for a custom, practice or policy of failing to discipline police officers for use of excessive force, in particular Defendant William Gress.

4. As to this cause of action, Plaintiff seeks to introduce prior citizen complaints, prior disciplinary actions and prior conduct concerning Officer Gress. (See Plaintiff's Brief in Opposition to City of Philadelphia's Motion for Summary Judgment).

5. A claim under 42 U.S.C. § 1983 against a municipality requires a plaintiff to prove that: (1) its employee(s) violated the plaintiff's constitutional rights while acting under color of law; and (2) that such violation was brought about through the execution of a municipal custom or policy, which custom or policy was the "moving force" behind the constitutional violation alleged.

6. As such, the proper analysis of a § 1983 claim against a municipality requires the separation of two different issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the City is responsible for that violation." Collins v. City of Harken Heights, Texas, 503 U.S. 115, 120 (1992). The inquiry into these two issues is separate and distinct. Collins, 503 U.S. at 122.

7. Unless Plaintiff can first prove that his constitutional rights were violated through the use of excessive force, the City's policies, customs or practices are irrelevant. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); See also Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1987); and Litz v. City of Allentown, 896 F. Supp. 1401, 1410 (E.D. Pa. 1995).

8. Evidence as to the City's alleged custom is irrelevant to the underlying constitutional claims that a plaintiff must prove. For example, excessive force claims brought under the Fourth Amendment require the application of an "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989).

9. The Fourth Amendment's objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or

others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

10. Permitting evidence of the City's alleged customs prior to a jury determination as to whether Plaintiff was in fact subjected to excessive force would unfairly prejudice the individual defendant by painting him with a broad brush of conformity to other alleged bad acts. Fed.R.Evid. 403, 404(b).

11. This prejudice can only be avoided through bifurcation of this action with the initial phase of the trial being limited to the causes of action asserted against the individual Defendant William Gress.

12. Convenience, justice, and economy will also be served by a bifurcation of these issues. If Plaintiff does not prove that he was subjected to the unconstitutional use of force, substantial trial time will be saved. Fed.R.Civ.P. 42(b); See, e.g. Marryshow v. Town of Bladensburg, 139 F.R.D. 318 (D.C. Md. 1991) (granting bifurcation in case against three officers for false arrest, excessive force, assault and battery as "the interests of convenience, the avoidance of prejudice, as well as expedition and economy, will best be served by severing the trial of issues pertaining to Plaintiff's claims against" the individual officers from those made against the municipal defendants.)

13. As such, Defendants move this Court to bifurcate the trial in this matter by first trying the case against the individual officer William Gress without permitting evidence pertaining to the City's alleged custom, practice or policy of failing to train, supervise or discipline police officers for excessive force. This first phase would allow the jury to determine what, if any, torts and/or constitutional violations were committed. A second phase, if necessary,

would allow a jury to determine whether the use of excessive force was caused by the City's alleged custom, practice or policy as argued by Plaintiff.

**WHEREFORE,** Defendants respectfully request that this Honorable Court grant their Joint Motion for Bifurcation.

Respectfully submitted,

/s/ Nicole S. Morris

NICOLE S. MORRIS
Assistant City Solicitor
Counsel for City of Philadelphia and Officer Gress
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5446

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH DIGNEO,** **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al.,** **Defendants.** | : | **NO.: 07-2372** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR BIFURCATION OF TRIAL**

AND NOW, come Defendants, Police Officer William Gress and the City of Philadelphia, by their undersigned counsel, and pursuant to Fed.R.Civ.P. 42(b), file the within Brief in Support of Motion for Bifurcation of Trial:

## I. BACKGROUND

Plaintiff, filed his Complaint against the above-named Defendants wherein he alleges that the individual Defendant committed torts and constitutional violations. Additionally, Plaintiff alleges that the City violated his constitutional rights to be free from the use of excessive force through the execution of a custom, practice or policy of failing to train, supervise and/or discipline for such force. As it currently stands, Plaintiff has the following outstanding state law claims against the individual Defendant Officer Gress: False Arrest, Abuse of Process, Assault and Battery, Intentional Infliction of Emotional Distress, Invasion of Privacy, Defamation, Tortious Interference with Constitutional rights, Negligence and Gross Negligence. Further, Plaintiff alleges that the individual Defendant Officer Gress violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983.

At trial, Plaintiff intends to introduce evidence of numerous citizen complaints filed against individual Defendant Officer Gress, along with prior disciplinary investigations and

separate incidents involving use of force. While the admissibility of such evidence is the subject of dispute, its general content is not. Plaintiff's case against individual Defendant Officer Gress is based on the alleged actions of Gress on June 4, 2005, outside Fat Tuesday's Bar. The case against the City is premised upon allegations that Officer Gress had committed prior bad acts and that the City's response to these alleged bad acts reflected deliberate indifference.

## II. ARGUMENT

A claim under 42 U.S.C. § 1983 against a municipality requires a plaintiff to prove that: (1) its employee(s) violated the plaintiff's constitutional rights while acting under color of law; and (2) that such violation was brought about through the execution of a municipal custom or policy, which custom or policy was the "moving force" behind the constitutional violation alleged.

As such, the proper analysis of a § 1983 claim against a municipality requires the separation of two different issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the City is responsible for that violation." Collins v. City of Harken Heights, Texas, 503 U.S. 115, 120 (1992). The inquiry into these two issues is separate and distinct. Collins, 503 U.S. at 122.

Unless Plaintiff can first prove a constitutional claim against the individual officer, William Gress, the City's policies, customs or practices are irrelevant. The Supreme Court has stated:

> [N]either Monell nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.

City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); *See also* Mark v. Borough of Hatboro, 51 F.3d 1137, 1153 (3d Cir. 1995), cert. denied, 116 S.Ct. 165; Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1987).

**A. Applicable Standards**

The decision to bifurcate is to be decided on a case-by-case basis and is appropriately granted where it would further convenience or avoid prejudice. Miller v. New Jersey Transit Authority Rail Operations, 160 F.R.D. 37, 40 (D.C. N.J. 1995), citing and quoting McCrae v. Pittsburgh Corning Corp., 97 F.R.D. 490, 492 (E.D. Pa. 1983). "The party seeking bifurcation must demonstrate that he will suffer prejudice if separate trials are not granted." Miller, 160 F.R.D. at 40. A fair and impartial trial is "a paramount consideration in ruling on a motion to bifurcate". Miller, 160 F.R.D. at 41, citing and quoting Beauchamp v. Russell, 547 F. Supp. 1191, 1199 (N.D. Ga. 1982).

**B. Prejudice**

Evidence as to the City's alleged custom, practice or policy is irrelevant to the underlying constitutional claims. For example, excessive force brought under the Fourth Amendment implicates an "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989). The objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396 (citation omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396 (citation omitted).

Evidence relating to the City's alleged liability may involve numerous documents, several witnesses and hours of trial time. All of the evidence developed for the municipal liability claim should be excluded as prejudicial to the individual Defendant on the underlying claims. See Marryshow v. Town of Bladensburg, 139 F.R.D. 318, 320 (D.C. Md. 1991). Plaintiff will likely attempt to identify "other bad acts" of the Officer through the introduction of evidence of other alleged wrongdoings so as to paint the Officer with a broad brush of conformity to other alleged bad acts. Such evidence, while sometimes relevant to establish municipal liability, is not admissible to show that the Officer acted in conformity with the allegations of other bad acts. Fed.R.Evid. 404(b).

Bifurcation, however, will prevent the jury from applying an improper use to the evidence by ensuring that such evidence is not under consideration when it decides whether individual Defendant Officer Gress violated plaintiff's constitutional rights. Prior to such a finding, the evidence is improper and highly prejudicial to all defendants because it overwhelmingly will influence and confuse the jury on the underlying individual claims. Fed.R.Evid. 403, 404(b); See also Dawson v. Prince George's County, 896 F. Supp. 537, 540 (D.C. Md. 1995).

> Evidence of the County's custom, practice or policy may include evidence of "prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them." Id. at 320. While this evidence is most certainly relevant to Dawson's case against the County, the Court would not likely allow it in Dawson's case against Ricker. See Spell v. McDaniel, 824 F.2d 1380, 1390-91 (4th Cir. 1987). The prejudicial effect of such evidence would clearly outweigh its probative value. Fed.R.Evid. 404(a). Moreover, under Fed.R.Evid. 404(a), the Court would most likely exclude evidence of Ricker's past conduct aimed at proving his character and propensities.

Dawson, 896 F. Supp. at 540.

Additionally, the City will be highly prejudiced if the Court permits Plaintiff to use evidence only to effectively convince the jury as to the alleged commission of the underlying constitutional violations.[1] Through this Motion for Bifurcation, Defendants do not seek to preclude Plaintiff from utilizing admissible evidence necessary to establish municipal liability. The Defendants do, however, seek to prevent Plaintiff from utilizing evidence in contravention of Fed.R.Evid. 403 and 404(b) to show that the individual Defendant had a propensity for improper behavior and therefore must have used excessive force against during the course the subject incident.

**C. Convenience and Economy**

Convenience, justice and economy will all be served by bifurcation of the trial of this case. See, e.g., Marryshow, 139 F.R.D. 318[2]; Dawson, 896 F. Supp. 537. (District Court granted Defendant's Motion to Bifurcate and Motion to Stay Discovery with respect to Plaintiff's case against the County). Plaintiff's claims against the City are brought under 42 U.S.C. § 1983. "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). However, the Supreme Court has rejected governmental liability based upon the doctrine of respondeat superior. Board of County Commissioners of Bryan County, Oklahoma v. Brown, 117 S.Ct. 1382, 1388 (1997); Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Rather, liability against the City can only be had if a violation of plaintiff's constitutional rights occurred and such violation was caused by the execution of the City's policy, practice or custom. Monell, 436 U.S. at 694.

---

[1] Conversely, Plaintiff will not be prejudiced by such bifurcation as the same jury will hear all of her claims.

[2] In Marryshow, the plaintiff brought a § 1983 claim against three individual police officers for arrest without probable cause and the use of excessive force, along with state law tort claims of false arrest, assault and battery; he also sued the municipality and its officials under § 1983 for "failure to train, supervise, and investigate." Id. The municipality moved to bifurcate, urging the district court to require the plaintiff to first litigate his claims against the officers and to postpone discovery relevant only to the municipal claims. Id. at 319. The court granted the motion, finding "that the interests of convenience, the avoidance of prejudice, as well as expedition and economy, will best be served by severing the trial of issues pertaining to Plaintiff's claims against the "individual officers from those he made against the municipal defendants. Id.

If Plaintiff cannot prove the unconstitutional use of force, the significant expenditure of time, money and resources will be avoided, including substantial trial time. See, e.g., Myatt v. City of Chicago, 816 F. Supp. 1259, 1264 (N.D. Ill. 1992)("The goals of convenience, expedition and economy are furthered where a separate trial 'disposes of one charge or establishes a necessary element of a second charge.'")(citation omitted). A trial on the underlying individual claims may itself require several days due to the number of witnesses and claims for the jury's consideration. The confusion, prejudice and time which will result from the admission of evidence going to the City's alleged custom, practice or policy will be avoided should the jury determine that Plaintiff was not subjected to excessive force in contravention of the United States Constitution.

In his case against the City, Plaintiff will attempt to introduce numerous Internal Affairs Division investigations, Police Board of Inquiry investigations and Use of Force reports concerning individual Defendant Officer Gress. Each of these investigations consist of voluminous documents, which include: statements, police paperwork, medical records, photographs and other related information. In addition, these investigations will need to be examined and analyzed by the parties during trial, which will require a substantial amount of time. Based on Plaintiff's own account, there are numerous complaints and investigations that she will seek to introduce at the time of trial on the issue of municipal liability. Bifurcation of this case, as discussed above, will alleviate any potential prejudice to the individual parties and any confusion as to the relevance of the evidence to the jurors.

**D. Conclusion**

For the foregoing reasons, the Defendants move this court to bifurcate the trial of this matter with regard to the issues of (1) what, if any, torts and/or constitutional violations, were

committed by the individual Defendant Officer Gress and, if necessary, (2) whether the City is responsible for the unconstitutional use of force. See Collins v. City of Harken Heights, Texas, 503 U.S. at 120. If the jury decides that Plaintiff was subjected to the use of excessive force, the City will be bound by that determination. If the jury finds no such violation of Plaintiff's constitutional rights, the case should then be dismissed because the City cannot be liable in the absence of an underlying constitutional violation. Heller, 475 U.S. 796; Mark, 51 F.3d at 1153; Williams, 891 F.2d at 467.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant their Motion for Bifurcation.

Respectfully submitted,

/s/ Nicole S. Morris
NICOLE S. MORRIS
Assistant City Solicitor
Counsel for City of Philadelphia and Officer Gress
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5446

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Motion for Bifurcation was filed via ECF and served upon counsel of record this 5th day of June, 2008, in the manner indicated below:

***U.S. MAIL, POSTAGE PREPAID***

Nancy D. Wasser, Esquire
1617 John F. Kennedy Blvd., Ste. 1130
Philadelphia, PA 19103

_/s/ Nicole S. Morris_
NICOLE S. MORRIS
Assistant City Solicitor